### SIMMS vs. LARKIN, impleaded with another.

Notice of protest may be served at the place of business, as well as at the residence, and it was not the design of the legislature to change this rule by ch. 79, Laws of 1861.

Although in an action upon a note against both the maker and the indorser, the *former may be a witness for the indorser as to facts set up as a separate defense* exclusively by the latter, yet it is not error to exclude his testimony where he is called as a witness for both of the defendants, without notice of his intended examination having been given to the plaintiff, who is not present at the trial.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on a promissory note alleged to have been executed by the defendant *Dousman* to the defendant *Larkin*, and by the latter indorsed to the plaintiff. The defendants answered setting up certain special defenses; and *Larkin*, for a separate defense in his own behalf, denied presentment and demand of payment, and service of the notice of protest. On the trial, there was read in evidence for the plaintiff, among other things,

a notarial certificate of protest, which stated that on the day of the presentment and protest (viz. February 3d, 1864) due notice thereof was "given as follows: Notice directed to *Chas. H. Larkin.*" The notary, as a witness for the plaintiff, testified that on said 3d day of February, between three and four o'clock, P. M., he left the notice at the sheriff's office in Milwaukee (defendant *Larkin* being then sheriff of Milwaukee county), with the clerk of said defendant, requesting him to deliver it to the defendant; and that defendant had at that time no other office in the city. "The defendants then called as a witness" said *Dousman*; but the plaintiff's attorney objected to his being sworn, on the ground that no notice of his intended examination had been given, and plaintiff was out of the state; and the objection was sustained. Verdict and judgment for the plaintiff; and *Larkin* appealed.

*Jas. G. Jenkins*, for appellant:

1. Under the law of 1859, "personal service" was defined to mean a delivery of the notice to the indorser in person or by leaving it at his residence. The general commercial law which authorized the leaving of the notice at the place of business, was changed by this statute. *Sumner v. Bowen*, 2 Wis., 532; *Worden v. Mitchell*, 7 id., 161. I am aware that this court decided in *Westfall v. Farwell*, 13 Wis., 504, that the term "personal service" used in the statute includes a service by leaving the notice at the usual place of business. The time when the notice in that case matured, is not stated. The law of 1859 is not referred to either by court or counsel. The case probably arose before its enactment and did not fall within its provisions. The question whether a service by leaving the notice at the place of business was sufficient, certainly did not arise in the case, and is only incidentally mentioned in connection with a service at the residence of the indorser. In *Adams v. Wright*, 14 Wis., 408, the service was made at the dwelling house as provided by the law of 1859, which was not referred to, and seems to have been overlooked.

2. The exclusion of *Dousman's* testimony was error. In New York, long before parties were permitted to be examined in their own behalf, a party could be examined on the part of his co-defendant as to any matter in which he was not jointly interested, and as to which a separate judgment could be rendered. N. Y. Code, sec. 397; *Parsons v. Pierce*, 3 Code Rep., 177; *Finch v. Cleveland*, 10 Barb., 290; 1 Code Rep., N. S., 35; 4 Sandf., 616; 12 Barb., 336; 19 id., 317; 10 How. Pr. R., 385; 2 Abb., 191. And when he could be thus examined, it was held to be error to exclude him generally. His admissibility could not be questioned; but he might be restricted as to the subject matter of his examination. *Beal v. Finch*, 1 Kern., 128; 10 Barb., 112; *Brown v. Richardson*, 20 N. Y 474; *Eno v. Del Vecchio*, 4 Duer, 53. Under our statute a party may be be sworn for himself, for a co-plaintiff or a co defendant. The only restriction is, that notice shall be given of the examination of a party *in his own behalf.* *Anderson v. Prindle*, 11 Wis., 136. But in this case it was not proposed to examine the defendant *Dousman* in his own behalf, but on behalf of his co-defendant.

*Adolph Rosenthal*, for respondent.

*By the Court*, COLE, J. The notice was sufficient to charge the indorser. It is objected that it was left at the place of business instead of the residence of the indorser, and therefore was not sufficient. It is one of the most familiar rules of commercial paper, that notice of protest might be served at the place of business of the indorser; and we have no idea the legislature intended to change this rule by the enactment of chapter 79, Laws of 1861. The law was passed before the decision in *Westfall v. Farwell*, 13 Wis., 504, was made, and in view of the ruling at some of the circuits that the statute requiring the notary to "personally serve" the notice upon the indorser when within two miles of his residence, meant an actual delivery of the notice to the indorser himself, and

that it could not be served by leaving it at the residence of the indorser. The law was unnecessary, and met the fate of most of our session laws by being repealed at the next session of the legislature. Chap. 251, Laws of 1862.

The record shows that the *defendants* called as a witness *George C. Dousman*, a party to the suit. The county court was most unquestionably right in excluding him on the ground that no notice of his intended examination had been given, and the plaintiff was absent from the state. It is said that he was a competent witness for his co-defendant to prove a defense personal to the indorser. But the difficulty is that the record does not show that he was called for any such purpose, but was called for the defendants generally.

The judgment of the county court is affirmed.